IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| BEVERLY INGRAM, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 5:11-cv-00219-SWW |
| | * | |
| | * | |
| CENTRAL MOLONEY, INC., | * | |
| | * | |
| Defendant. | * | |

<u>ORDER</u>

Plaintiff Beverly Ingram, who is proceeding *pro se*, brings this action against her former employer, defendant Central Moloney, Inc., alleging violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq*. The matter is before the Court on motion of defendant for summary judgment [doc.#16]. Plaintiff has not responded to defendant's motion and the time for doing so has passed. Having considered the matter, the Court grants defendant's motion for summary judgment.

I.

A.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion for summary judgment, the nonmoving

party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving party must respond by submitting evidentiary materials that set out "'specific facts showing ... a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Matsushita,* 475 U.S. at 587 (citations omitted).  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation and quotation marks omitted).  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita,* 475 U.S. at 587 (citation omitted).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*[1]

B.

In not responding to defendant's motion for summary judgment, plaintiff has not contested the arguments defendant has set forth in its motion that it states entitles it to summary judgment.  Accordingly, plaintiff has waived those arguments.  See *Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (a "failure to oppose a basis for summary judgment constitutes a waiver of that argument").

---

[1] "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc).

In addition, plaintiff has failed to file, pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, a statement of the material facts as to which she contends a genuine issue exists to be tried.  Plaintiff has thus admitted the facts as set forth by defendant in its Statement of Undisputed Facts [doc.#17] as to which it contends there is no genuine issue to be tried.[2]  Accordingly, the facts as described in defendant's motion for summary judgment are the undisputed facts of this case.  See *Beavers v. Bretherick*, 227 Fed.Appx. 518, 521 (8th Cir. 2007) (citing Local Rule 56.1(c) in concluding that the facts as described in unopposed motion for summary judgment are the undisputed facts of the case).[3]

C.

"The ADA prohibits an employer from discriminating 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Tusing v. Des Moines Independent Community School Dist.*, 639 F.3d 507, 518 (8th Cir. 2011) (quoting 42 U.S.C. § 12112(a)).  The familiar *McDonnell Douglas*

---

[2] Local Rule 56.1(a) provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried."  Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried."  Paragraph (c) of the rule provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

[3] By Order entered August 30, 2011 [doc.#7], the Court informed plaintiff that she is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court and that failure to so comply can result in the dismissal of her claim.  The Court noted that the Federal Rules of Civil Procedure are available in many libraries and bookstores, that the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas, and that said rules may also be accessed from the internet website of the United States District Court for the Eastern District of Arkansas.

burden-shifting framework applies in ADA cases. *Kosmicki v. Burlington Northern & Santa Fe R. Co.*, 545 F.3d 649, 651 (8th Cir. 2008) (citation omitted). Under this framework, an employee is first required to make out a *prima facie* case by showing "'(1) that [she] has a disability within the meaning of the ADA; (2) that [s]he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) that [s]he suffered an adverse employment action due to a disability.'" *Tusing*, 639 F.3d at 518 (quoting *Chalfant v. Titan Distrib. Inc.*, 475 F.3d 982, 988 (8th Cir. 2007)). Once an employee presents a *prima facie* case of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for the discharge. *Kosmicki*, 545 F.3d at 651 (citation omitted). Once an employer presents such evidence, the burden shifts back to the employee to produce evidence that the employer's stated reasons are a pretext for discrimination. *Id*.

  As set forth in defendant's unopposed motion for summary judgment and statement of material facts as to which it contends there is no genuine issue to be tried, plaintiff is unable to show a violation of the ADA. Plaintiff does not dispute defendant's claim that there is no indication in the record that she is disabled within the meaning of the ADA as she has not identified any disability in her testimony. Additionally, plaintiff does not dispute defendant's claim that there is no indication that any decision maker was motivated by or even aware of any alleged disability with respect to terminating her employment. An employer must have known about an employee's condition before it can be liable for discriminating against her in violation of the ADA because of that condition. *Kozisek v. County of Seward, Nebraska*, 539 F.3d 930, 936 (8th Cir. 2008). Since plaintiff does not dispute defendant's claim that there is no evidence

that any decision maker was aware of any alleged disability suffered by plaintiff and that there is no indication in the record that she in fact had any disability, she cannot make a prima facie case.

II.

For the foregoing reasons, the Court grants defendant's motion for summary judgment in its entirety and will enter judgment accordingly.

IT IS SO ORDERED this 27th day of April 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE